**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOANN SANDY HARRIS and ) <br> BENJAMIN HARRIS, ) <br> ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> REMINGTON ARMS COMPANY, LLC, ) <br> A foreign limited liability company; and ) <br> WAL-MART STORES EAST, LP, ) <br> A foreign limited partnership, ) <br>       Defendants. ) | Case No. 5:15-cv-01375 |

**ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' ORIGINAL PETITION**

Defendant, REMINGTON ARMS COMPANY, LLC ("Remington"), by and through its undersigned counsel, answers Plaintiffs' Original Petition as follows:

**INTRODUCTION**

Remington admits that at all times relevant to Plaintiff's Original Petition it was engaged in the business of designing, manufacturing, and selling firearms and that it designed, manufactured and sold a Remington Model 700 rifle. The remaining allegations of this paragraph consist of legal conclusions to which no answer is required.

**REMINGTON ARMS COMPANY'S SHAMEFUL DESIGN AND**
**MANUFACTURING HISTORY AND WILLFUL DISREGARD OF SAFETY**

Remington admits that the Model 700 rifle was introduced in 1962 and that the so-called "Walker" style or connector-based fire controls have been installed in millions of rifles. Remington admits that, beginning in 2006, it began incorporating the X-Mark Pro

trigger mechanism in Model 700 rifles.  Except as stated, Remington denies the allegations of this paragraph.

## JURISDICTION AND VENUE

1. Remington admits that the Plaintiffs have alleged a jurisdictional amount in controversy that exceeds the jurisdictional minimum limits of this Court, but denies that Plaintiffs are entitled to any monetary award and further denies that it is liable to Plaintiffs in any respect.  Remington further admits that Plaintiffs have alleged they are residents of the State of Oklahoma.  Except as stated, Remington denies the allegations of this paragraph.

## PARTIES

2. Remington is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, the allegations of the foregoing paragraph are therefore denied.

3. Remington admits that it is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in North Carolina.  The remaining allegations of this paragraph consist of legal conclusions to which no answer is required.

4. This paragraph consists of allegations regarding co-defendant, Wal-Mart Stores East, LP ("Wal-Mart"), to which Remington is not required to respond.

## FACTS

5. Remington is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph except that Remington denies

that the rifle discharged without a trigger pull or that it caused any injuries to the Plaintiff, the allegations of the foregoing paragraph are therefore denied.

6. Remington is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, the allegations of the foregoing paragraph are therefore denied.

7. Remington is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph except that Remington denies that the rifle discharged without a trigger pull or that it caused any injuries to the Plaintiff, the allegations of the foregoing paragraph are therefore denied.

8. Remington admits that a recall notice – the contents of which speak for itself – was issued in April 2014 and pertained to certain Model 700 rifles with X-Mark Pro trigger mechanisms, but denies that this paragraph completely and accurately sets forth the reasons for that recall or the processes implemented as part of that recall. Except as stated, Remington denies the allegations of this paragraph.

9. Remington admits that at all times relevant to Plaintiffs' Original Petition it was engaged in the business of designing, manufacturing, and selling firearms and that it designed, manufactured and sold a Remington Model 700 rifle.

10. Remington denies that the Model 700 rifle, its trigger mechanism and the Harris Rifle are defective or unreasonably dangerous in design, manufacture or any other theory of liability. Remington denies the remaining allegations of this paragraph.

11. Remington is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, the allegations of the foregoing paragraph are therefore denied.

12. Remington denies that the Model 700 rifle, its trigger mechanism and the Harris Rifle are defective or unreasonably dangerous in design, manufacture or any other theory of liability. Remington denies the remaining allegations of this paragraph.

13. Remington denies the allegations of this paragraph.

14. Remington denies the allegations of this paragraph.

15. Remington denies the allegations of this paragraph.

16. Remington denies the allegations of this paragraph.

17. Remington admits that a recall notice – the contents of which speak for itself – was issued in April 2014 and pertained to certain Model 700 rifles with X-Mark Pro trigger mechanisms. Except as stated, Remington denies the allegations of this paragraph.

18. Remington denies the allegations of this paragraph.

## CLAIMS FOR RELIEF

**Count I: Manufacturers' Products Liability – Unreasonably Dangerous Product**

19. Remington adopts by reference and incorporates its responses to the foregoing allegations of Plaintiffs' Original Petition as if fully set forth herein.

20. Remington is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph regarding how Plaintiff used the rifle except that Remington denies that the rifle discharged without a trigger pull,

such allegations are therefore denied.  Remington denies the remaining allegations of this paragraph.

21. Remington admits that it manufactured the Harris Rifle.  Except as stated Remington is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, the allegations of the foregoing paragraph are therefore denied.

22. Remington denies the allegations of this paragraph and each subpart thereof.

23. Remington denies the allegations of this paragraph.

**Count II: Failure to Warn Under Strict Manufacturers' Product Liability and Negligence**

24. Remington adopts by reference and incorporates its responses to the foregoing allegations of Plaintiffs' Original Petition as if fully set forth herein.

25. Remington admits that at all times relevant to Plaintiff's Original Petition it was engaged in the business of designing, manufacturing, and selling firearms and that it designed, manufactured and sold a Remington Model 700 rifle.  Except as stated Remington is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, the allegations of the foregoing paragraph are therefore denied.

26. Remington denies the allegations of this paragraph.

27. Remington denies that there is any defective condition in the rifle or that there were any inadequate warnings issued with the rifle.  Except as stated Remington is

without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, the allegations of the foregoing paragraph are therefore denied.

28. Remington admits all duties imposed on it by law, but denies that it violated any such duties. Except as stated, Remington denies the allegations of this paragraph.

29. Remington denies the allegations of this paragraph.

30. Remington denies that Plaintiffs have accurately alleged any applicable duty. Remington denies the remaining allegations of this paragraph.

31. Remington denies the allegations of this paragraph.

32. Remington denies the allegations of this paragraph.

### Count III: Negligence and Gross Negligence

33. Remington adopts by reference and incorporates its responses to the foregoing allegations of Plaintiffs' Original Petition as if fully set forth herein.

34. Remington denies the allegations of this paragraph.

35. Remington denies the allegations of this paragraph.

36. Remington denies the allegations of this paragraph.

37. Remington denies the allegations of this paragraph.

38. Remington is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph except that Remington denies that the Harris Rifle is defective or unreasonably dangerous, the allegations of the foregoing paragraph are therefore denied.

39. Remington is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph except that Remington denies that the rifle discharged without a trigger pull or that the rifle is defective or unreasonably dangerous, the allegations of the foregoing paragraph are therefore denied.

40. Remington denies the allegations of this paragraph.

### Count Four: Breach of Warranties

41. Remington adopts by reference and incorporates its responses to the foregoing allegations of Plaintiffs' Original Petition as if fully set forth herein.

42. Remington admits that it complied with any warranties imposed by law and denies that it breached any such warranties. Except as stated, Remington denies the allegations of this paragraph.

43. Remington denies the allegations of this paragraph.

44. Remington denies the allegations of this paragraph.

### ACTUAL AND PUNITIVE DAMAGES AGAINST DEFENDANTS

45. Remington denies the allegations of this paragraph.

46. Remington denies the allegations of this paragraph.

47. Remington admits that the Plaintiffs have alleged a jurisdictional amount in controversy that exceeds the amount required for diversity jurisdiction by 28 U.S.C. § 1332, but denies that Plaintiffs are entitled to any monetary award and further denies that it is liable to Plaintiffs in any respect. Remington denies that the rifle discharged without a trigger pull or that the rifle is defective or unreasonably dangerous. Remington denies the remaining allegations of this paragraph.

48. Remington admits that the Plaintiffs have alleged a jurisdictional amount in controversy that exceeds the amount required for diversity jurisdiction by 28 U.S.C. § 1332, but denies that Plaintiffs are entitled to any monetary award and further denies that it is liable to Plaintiffs in any respect. Remington denies that the rifle is defective or unreasonably dangerous. Remington denies the remaining allegations of this paragraph.

## DEMAND FOR A JURY TRIAL

Remington requests a jury trial for all factual issues in this action.

Defendant, Remington Arms Company, LLC, denies that Plaintiffs are entitled to judgment against it in any amount and requests that Plaintiffs' Original Petition be dismissed with prejudice at Plaintiffs' costs.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses to Plaintiffs' Original Petition, Remington states as follows:

1. Plaintiffs' Petition fails in whole or in part to state a claim upon which relief can be granted.

2. Some or all of Plaintiffs' claims are barred by the assumption of the risk doctrine.

3. Some or all of Plaintiffs' claims are barred by the last clear chance doctrine.

4. Some or all of Plaintiffs' claims are barred or reduced by Plaintiffs' contributory or comparative negligence.

5. Plaintiffs' alleged injuries and damages were caused by events, conditions, instrumentalities, and/or acts or omissions of others over whom Remington exercised no control.

6. Plaintiffs' alleged injuries and damages were proximately caused by the negligence of themselves and others, including the gun handler, and by their failure to use that degree of care as would have been used by ordinary, reasonable, and prudent persons under the same or similar circumstances, so that Plaintiffs' damages should be entirely denied or reduced by the percentage of negligence attributed to them and others.

7. The product at issue conformed to the state-of-the-art for the design and manufacture of similar products at all times relevant to this action and the design and manufacture of the product at issue.

8. The product at issue was not unreasonably dangerous, given the state of knowledge regarding such products at all times relevant to this action.

9. Plaintiffs' recovery, if any, should be reduced by any collateral payments.

10. Remington is entitled to set off against any damages awarded to Plaintiffs or any and all payments made by any collateral source.

11. Plaintiffs' claims are barred by the open and obvious doctrine.

12. Plaintiffs' claims may be reduced or barred by the unforeseeable misuse of the subject product by the gun handler.

13. The product at issue complied with customary industry standards.

14. Remington was not egregious, willful, grossly negligent or reckless and it cannot be liable or responsible for exemplary or punitive damages.

15. Any award of exemplary or punitive damages against Remington based on conduct outside of this jurisdiction would impose unreasonable state limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution and would be in violation of the United States Supreme Court's holding in *State Farm v. Campbell*, 538 U.S. 408 (2003). The United States Supreme Court has held that a State has no legitimate interest in punishing conduct that took place outside the State's borders, that was "lawful where it occurred" and that "had no impact" on the State seeking to impose the punishment. *BMW of North America Inc. v. Gore*, 517 U.S. 559, 572 (1996).

16. Plaintiffs' claims for exemplary or punitive damages and the Oklahoma laws and procedure as applied to those claims violate the Due Process, Equal Protection, Double Jeopardy, and Excessive Fines provisions of the United States and Oklahoma constitutions.

17. Exemplary or punitive damages may not be awarded against Remington:

    a. Without proof of every element beyond a reasonable doubt, or in the alternative, without proof by clear and convincing evidence;

    b. Without bifurcating the trial of all exemplary or punitive issues, including exemplary or punitive liability;

    c. With no limits, including no maximum amount that a jury may impose in this jurisdiction;

d. With no limits, including the constitutional prohibition against exemplary or punitive damages awards being greater than a single-digit multiplier of any compensatory award, *see State Farm v. Campbell*, 538 U.S.408 (2003);

e. Which improperly compensates Plaintiffs for elements of damage not otherwise recognized under the laws of this jurisdiction;

f. Without standards of sufficient clarity for determining the appropriateness or appropriate size of the award;

g. Without consideration of the three constitutional guideposts of reprehensibility, ratio, and civil penalties, *see State Farm v. Campbell*, 538 U.S.408 (2003);

h. Without appropriate instructions on the limits of exemplary or punitive damages imposed by the applicable standards of deterrence and punishment; and

i. Under a vague and arbitrary standard that does not define the necessary conduct or mental state required for exemplary or punitive damages.

18. A "total revenues" analysis of profits derived from the sale of a product flouts the United States Supreme Court's ban on extraterritorial punishment, interferes with the policy choices of other States and the federal government and imposes undue burdens on interstate commerce in violation of both the Due Process Clause and the Commerce Clause, *BMW of North America, Inc. v Gore*, 517 U.S. 559, 571-572 (1996).

19. The United States Supreme Court has rejected the constitutionality of a punitive damages award which was determined by using the defendant's wealth as a

guidepost. *BMW of North America, Inc. v Gore*, 517 U.S. 559, 585 (1996); *Continental Trend Resources, Inc. v OXY USA*, 101 F.3d 634, 641 (10th Cir. 1996).

20.     Oklahoma has no more right under the Constitution to calculate punitive damage awards based on Remington's profits from sales in other jurisdictions than it does to impose a sales tax on such out-of-state sales. *See Moorman Mfg. Co. v. Bair*, 437 U.S. 267, 273 (1978). "The principle that a State may not tax value earned outside its borders rests on the fundamental requirement of both the Due Process and Commerce Clauses that there be 'some definite link, some minimum connection, between a state and the person, property or transaction it seeks to tax.'" *Allied-Signal, Inc. v. Director, Div. of Taxation*, 504 U.S. 768, 777 (1992) (invalidating New Jersey's taxation of gain on out-of-state sale of asset) (*quoting Miller Bros. Co. V. Maryland*, 347 U.S. 340, 344-45 (1945)). *See also*, 390 U.S. 317, 325 (1968) (invalidating application of Missouri tax apportionment statute to railroad's rolling stock); *Hans Rees' Sons, Inc. v. North Carolina*, 283 U.S. 123, 133-35 (1931) (invalidating application of North Carolina tax apportionment statute to New York manufacturer of leather goods).

21.     Any calculation or award of exemplary or punitive damages against Remington based in whole or in part upon the defendant's alleged conduct toward nonparties is unconstitutional and constitutes a taking of Remington's property without due process. *Phillip Morris v. Williams*, 127 S.Ct.1057 (2007).

22.     All of Plaintiffs' causes of actions and claims alleged in their Petition against Remington are barred because Plaintiffs did not timely-serve this defendant under applicable Oklahoma law.

23. Remington reserves its right to raise any additional affirmative defenses as may be revealed by discovery or investigation in this action.

Defendant, Remington Arms Company, LLC, denies that Plaintiffs are entitled to judgment against it in any amount and requests that Plaintiffs' Original Petition be dismissed with prejudice at Plaintiffs' costs.

Respectfully submitted,

*/s/ Robert H. Alexander, Jr.*

_____
Robert H. Alexander, Jr., OBA #197
**The Law Office of**
**Robert H. Alexander, Jr., p.c.**
Chase Bank Tower, 18th Floor
100 North Broadway - Post Office Box 868
Oklahoma City, Oklahoma 73101-0868
(405) 232-0803
(405) 232-0519 Fax
alexattys@productlaw.com
**Attorney for Defendant**
**Remington Arms Company, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on December 30th, 2015, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

I further certify that on December 30th, 2015, I served the attached document by first class mail on the following, who is not a registered participant of the ECF System:

Michael M. Blue
Blue Law
The White House
900 Northeast 63rd Street
Oklahoma City, OK 73105

*Robert H. Alexander, Jr.* (signature)

_____
Robert H. Alexander, Jr.